Barnard, P. J.
If Dekalb street had remained an open street, as it was in 1836, there would be no question but that a lot bounded upon it would pass a title to the centre of the street if an intent to exclude the street was not apparent in the deed. The deed to G-ilfilson and Colgan not only conveyed the lot by a formal description but also in terms conveyed one-half of the street. The street was there discontinued and a new DeKalb avenue laid out. The conveyances after that time convey the lot alone and make no mention of the old street, and as to one-half of the lot the title so stood at the date of the sale. The question whether a sale of a lot on a closed street carried a title to the middle of the old street is not one which should be put upon a purchaser to settle by litigation. The rule is that the title must be good and merchantable and if it falls short of this the purchaser is to be relieved from his purchase.
The agreement to wait till the title could be perfected passed about the 1st May, 1886.
The purchaser gave notice that unless the title was made good by the 1st May, 1886, he would not perfect the sale. There was no continued negotiations mentioned as to time witMn which the title was to be made good.
The case seems to fall within Rice v. Barrett (99 N. Y., 404). The title was not made good until May 19, 1886, and the principle that if the title be made good in a reasonable time it should be taken, would probably cost the loss of the occupancy of the premises for the year in the purchaser.
The order should be reversed and the motion denied with costs and disbursements.
Dykman, J., concurs; Pratt, J. not sitting.